PAYNE, Director General of Railroads, v. ROGERS.

ROGERS v. PAYNE, Director General of Railroads.

(Circuit Court of Appeals, Sixth Circuit. April 6, 1925.)

Nos. 4123, 4124.

1. Commerce ⏀89—Court had jurisdiction of action for storage charges due under interstate tariff, notwithstanding absence of previous resort to Interstate Commerce Commission.

Court had jurisdiction of railroad's action for certain fixed storage charges claimed to be due under uniform interstate tariff filed with Interstate Commerce Commission involving no question of fact, either in aid of construction or in other respect, or question of administrative discretion, notwithstanding absence of previous resort to Interstate Commerce Commission.

2. Carriers ⏀30—Tariff schedule held inapplicable to lumber on railroad's right of way.

Tariff schedule, fixing storage charges for storage of freight, which is liable to be damaged by the elements, and must be stored at carrier's risk, either in carrier's warehouse, or, at carrier's option, in public warehouse, *held* inapplicable to lumber piled on railroad's right of way, in view of note to tariff schedule rule providing for storage, free of charge, of freight which is not liable to damage from the elements, and is not to be handled through freighthouses on railroad's vacant land at owner's risk.

In Error to the District Court of the United States for the Eastern Division of the

Southern District of Ohio; John E. Sater, Judge.

Action by John Barton Payne, Director General of the Railroads, as Agent under Transportation Act 1920, § 206 (Comp. St. Ann. Supp. 1923, § 10071¼cc), for whom James C. Davis was substituted, against J. F. Rogers, as receiver of the Dodson Sawmill & Lumber Company. Judgment for plaintiff, and both parties bring error. Reversed and remanded.

Action was originally brought in the District Court by John Barton Payne, then Director General of Railroads. Later his successor in office, James C. Davis, was substituted as plaintiff. J. F. Rogers is the receiver of the Dodson Sawmill & Lumber Company. The action was brought to recover $3,731.87, with interest from March 1, 1920, for storage claimed to be due under a schedule of uniform tariffs, promulgated and filed with the Interstate Commerce Commission, governing storage rules and charges on eight carloads of lumber stored by the Dodson Company on the right of way of the Toledo & Ohio Central Railway Company at Alexandria, Ohio, from October 13, 1919, to and including February 29, 1920, as shown in the account attached to the amended petition and marked Exhibit A. To this amended petition the defendant filed a general demurrer and also a separate demurrer to each item of the account shown in the exhibit, which demurrer was overruled by the trial court. The defendant then answered, admitting the respective capacity of the parties, that the Dodson Company shipped 7 of the 8 carloads of lumber from Alexandria subsequent to October 13, 1919, and denied all allegations not expressly admitted to be true and for a second defense averred that the lumber was not liable to damage from the elements, and was stored on vacant land of the railway company pending shipment, on space theretofore assigned to the Dodson Company by the plaintiff, and was entitled to free storage by reason of a provision in plaintiff's tariff schedule, which reads as follows:

"Note.—Freight which is not liable to damage from the elements, and which is not ordinarily handled through freighthouses, may be stored free unless otherwise provided, on the vacant land of the railroad, pending shipment, and entirely at owner's risk, provided owner has previously been assigned space, as far as available and without distinction."

The plaintiff for reply admitted that the lumber was not liable to damage from the elements; that prior to October 13, 1919, the Dodson Company was permitted to place certain lumber on the vacant land of the plaintiff preparatory to shipping said lumber over the lines of the Toledo & Ohio Central Railway Company, but that plaintiff revoked this permission because space was no longer available to the Dodson Company without discrimination in its favor and without detriment to other shippers and that on October 13, 1919, there was no free storage space then assigned to the Dodson Company or then occupied by it with the permission of the plaintiff.

Upon the trial of the cause evidence was introduced tending to prove that space was assigned by the plaintiff to the Dodson Company for the storage of lumber pending shipment; that after the Dodson Company had stored on the space assigned to it, a large quantity of lumber pending shipment, the railway agent, Rogers, requested Dodson, the president of the Dodson Company, to do all he could to get this lumber removed; that Dodson promised to do so, but did not, prior to October 13th, remove all of any one of the piles of lumber; and that on October 13th the agent, Rogers, sent to the Dodson Company the following notice: "You are hereby notified that the lumber piled on the ground at this station, if not immediately removed, will be subject to the storage rules at regular tariff rates now in effect."

At the close of all the evidence both parties moved for a directed verdict. The court directed a verdict in favor of the Director General of Railroads for the sum of $1,502.25, upon which verdict a judgment was entered. From this judgment, both parties prosecute error.

Henry G. Binns, of Columbus, Ohio, for receiver.

Webb. I. Vorys, of Columbus, Ohio (Vorys, Sater, Seymour & Pease, of Columbus, Ohio, on the brief), for Payne.

Before DONAHUE, MACK, and KNAPPEN, Circuit Judges.

PER CURIAM. [1] It is claimed on behalf of the receiver that the court erred in overruling his demurrer to the amended petition, for the reason that the District Court had no jurisdiction of the cause of action without previous resort to the Interstate Commerce Commission. The amended petition on its face, purports to state a cause of action to recover certain fixed storage

charges claimed to be due under a uniform interstate tariff promulgated and filed by the plaintiff with the Interstate Commerce Commission, involving no question of fact, either in aid of construction or in other respect, and as so stated, involves no question of administrative discretion. The demurrer was properly overruled. Great Northern Ry. Co. et al. v. Merchants' Elevator Co., 259 U. S. 285, 295, 296, 42 S. Ct. 477, 66 L. Ed. 943, and cases there cited.

[2] The answer, the reply, and the evidence, particularly the tariff schedule, Exhibit 55, present a wholly different case from the one stated in the amended petition. The tariff schedule upon which plaintiff bases his cause of action does not in terms fix a storage charge for coarse freight of this character. On the contrary, the storage charges fixed in this tariff seem clearly to contemplate and cover only freight of larger value in proportion to bulk, liable to be damaged by the elements and required to be stored, at carrier's risk, either in the carrier's warehouse or, at the option of the carrier, may be sent to a public warehouse. For the storage of this character of freight, including additional service, care, protection, and risk, the carrier is entitled to larger storage charges than would be fair or reasonable for coarse freight to be shipped in carload lots, not intended to pass through carrier's freight-house, and not to be handled by the carrier's agents and practically impossible of being stored in a warehouse, but intended and designed to be stored on the vacant grounds of the carrier at the shipper's risk. That this is the proper construction of this tariff schedule would seem to be recognized by note to rule 1, which provides that freight, not liable to damage from the elements and not to be handled through freighthouses, may be stored free of storage charges, on vacant land of the railroad pending shipments and at owner's risk, provided owner has previously been assigned space as far as available and without distinction.

As the only tariff schedule introduced in evidence fixes no tariff rate for the storage of lumber and other freight of like character, to be shipped in carload lots and not to be stored in warehouses or moved through the carrier's freighthouse at carrier's risk, the judgment must be reversed. Inasmuch as this suit was based entirely upon a tariff, and was for the recovery of tariff charges, we do not determine whether or not, in an action for use and occupation of the ground after the revocation of the license, a recovery could be had, or what, if any, right the shipper might have to secure reparation at the hands of the Interstate Commerce Commission under a claim of discrimination based upon the revocation of the license.

Reversed and remanded.